UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Miscellaneous Matter No. 23-MC-136

| | |
|---|---|
| In re:<br><br>**MIDNIGHT MADNESS DISTILLING LLC,**<br><br>Debtor. | **CHAPTER 7**<br>Case No. 21-11750-MDC |
| **BONNIE B. FINKEL**, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,<br><br>Plaintiff,<br><br>v.<br><br>**CASEY PARZYCH; SHAWN SHEEHAN; ANGUS RITTENBURG; KELLY FESTA; ASHLEIGH BALDWIN; MICHAEL BOYER; R.F. CULBERTSON; GARY PARZYCH; RYAN USZENSKI; POLEBRIDGE, LLC; GOOD DESIGN, INC.; AGTECH PA LLC; AGTECH VI, LLC; XO ENERGY WORLDWIDE, LLLP; XO EW, LLC; CAN MAN LLC; BEST BEV, LLC; ETOH WORLDWIDE, LLC; CANVAS 340, LLC; FINLAND LEASING CO., INC.; and EUGENE T. PARZYCH, INC.,**<br><br>Defendants. | Adv. No. 23-00047-MDC<br><br>**JURY TRIAL DEMANDED** |

**MOVING DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR WITHDRAWAL OF REFERENCE**

227779038 v1

Moving Defendants,[1] by their undersigned attorneys, hereby file this Reply to Plaintiff, Bonnie B. Finkel's (the "Plaintiff"), *Opposition to the Moving Defendants' Motion for Withdrawal of Reference* [D.I. 2] (the "Opposition").

## INTRODUCTION

In the Opposition to the Withdrawal Motion (as hereinafter defined), the Trustee misconstrues the Complaint (defined below) as a mixture of core and non-core claims, when in fact, it alleges a vast majority of non-core claims and lumps a few, insufficiently pled, core bankruptcy claims, which do not warrant the Bankruptcy Court presiding over this case. Moreover, the Trustee asserts that the Bankruptcy Court should preside over the case because the Trustee alleges misconduct in connection with the Section 363 sale, which is an impermissible collateral attack on the Bankruptcy Court's prior sale order, which is binding on the Trustee.

The Trustee's argument that the mere possibility of this lawsuit bringing money to the Bankruptcy estate is unavailing and does not warrant the Bankruptcy Court adjudicating the case. Finally, the Trustee asserts that a Bankruptcy judge can serve a role similar to that of a magistrate presiding over discovery, relying on a case in which much fewer counts were asserted, a jury trial was never demanded, and the Bankruptcy Court had already been involved in the case for four years, at which point the motion for withdrawal was sought.

## RELEVANT PROCEDURAL BACKGROUND

Midnight Madness Distilling LLC f/k/a Theobald and Oppenheimer, LLC d/b/a Faber Distilling (the "Debtor") filed a voluntary petition for relief under Chapter 11 in the Bankruptcy Court on June 21, 2021 (the "Petition Date"). [Bankr. Dkt. No. 1]. The Debtor's case, now

---

[1] The Moving Defendants are Casey Parzych; Shawn Sheehan; Angus Rittenburg; Kelly A. Festa; Ashleigh Baldwin; Michael Boyer; R.F. Culbertson; Polebridge, LLC; Good Design, Inc.; AgTech PA LLC; AgTech VI, LLC; XO Energy Worldwide, LLLP; XO EW, LLC; Best Bev, LLC; Etoh Worldwide, LLC; and Canvas 340, LLC.

2

converted to Chapter 7, is currently pending under Bankruptcy Case No. 21-11750-MDC. On May 10, 2022, the Plaintiff was appointed as Chapter 7 Trustee of the Debtor's estate.

Plaintiff filed the Adversary Proceeding by "Complaint" against, *inter alia*, the Moving Defendants, on June 15, 2023. Adv. Proc. Dkt. No. 1. The Complaint mainly asserts non-core, common law claims against the defendants. These common law claims include claims for (1) breach of fiduciary duty; (2) aiding and abetting breach of fiduciary duty; (3) corporate waste; (4) declaratory relief (alter ego, piercing the corporate veil and/or successor liability); (5) unjust enrichment; (6) an accounting; (7) constructive trust; (8) breach of contract (against certain Moving Defendants); and (9) breach of contract (against defendant Finland Leasing Co., Inc.).

The Complaint additionally asserts more traditional, core "bankruptcy" claims for (10) equitable subordination; (11) turnover pursuant to 11 U.S.C. § 542 (a hybrid common law and "bankruptcy" claim); (12) avoidance and recovery of post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550; (13) avoidance and recovery of preferential transfers pursuant to 11 U.S.C. §§ 547(b) and 550; (14) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550.

On September 5, 2023, the Moving Defendants filed the Motion for Withdrawal of Reference [D.I. 1] (the "Withdrawal Motion"). On September 15, 2023, the Moving Defendants filed a Motion to Dismiss the Complaint. Adv. Proc. Dkt. No. 17. On September 19, 2023, the Plaintiff filed her Opposition.

## **ARGUMENT**

In the Opposition, the Trustee maintains that the Complaint asserts a *mixture* of core and non-core claims. Opp. at 7. In reality, the vast majority of the claims asserted by the Trustee are non-core. There are nine counts which allege strictly non-core claims, one hybrid count, and only

3

four counts assert core bankruptcy claims. The non-core claims are not pled sufficiently and seem to be "lumped" into the Complaint.

The only claim asserting a defined avoidable transfer is found in Count 13 of the Complaint. Here, the Trustee seeks to avoid and recover a $75,000 preferential transfer allegedly made by the Debtor to an attorney, Michael Boyer, on March 19, 2021. As set forth in the Opposition, this "claim" fails as a matter of law because Mr. Boyer is not an insider of the Debtor (merely counsel) and the alleged transfer was made more than 90 days prior to the Petition Date. *See* Compl. ¶¶ 7, 285.

The remaining "core" claims fail as a matter of law and should not be considered for purposes of the Withdrawal Motion. Count 10 of the Complaint fails to state a claim upon which relief can be granted for equitable subordination under section 510(c) of the Bankruptcy Code because none of the Moving Defendants hold a claim that could be subject to subordination. An essential predicate to equitable subordination under section 510(c) is that the defendant hold "an allowed claim." 11 U.S.C. § 510(c)(1). The Court's official CM/ECF docket reflects that **none** of the Moving Defendants has filed a proof of claim. *See In re Davis,* 597 B.R. 770, 773 (Bankr. M.D. Pa. 2019).

In Count 11 of the Complaint, the Trustee fails to state a claim for turnover under 11 U.S.C. § 542. A claim under section 542 is limited to property of the estate. *See In re Joey's Steakhouse, LLC,* 474 B.R. 167, 188 (Bankr. E.D. Pa. 2012) (citing *In re White,* 389 B.R. 693, 699 (9th Cir. BAP 2008)). A turnover action is not proper where a bona fide dispute exists. *See id.* (quoting *U.S. v. Inslaw, Inc.,* 932 F.2d 1467, 1472 (D.C. Cir. 1991) ("It is settled law that turnover actions under § 542 cannot be used to demand assets whose title is in dispute")). The Trustee seeks turnover of emails and other records, intellectual property and so-called "Work Product," and other property

that the Trustee alleges "belonged to the Debtor but was improperly transferred." To the extent that emails or other records exist, the Moving Defendants believe they would be in the possession, custody, or control of a third party. CBDelight, Wynk Seltzer, and other alleged "Work Product," are not and were never assets of the Debtor or property of the estate. Moreover, the Trustee has failed to plausibly allege that such property is available to be sold or otherwise administered by the Trustee under section 363 and that it is not "of inconsequential value or benefit to the estate." *In re Denby-Peterson,* 941 F.3d 115, 129 (3d Cir. 2019).

In Count 12 of the Complaint, the Trustee seeks to avoid and recover certain alleged post-petition transfers pursuant to Bankruptcy Code sections 549 and 550, which is only pled against the "Best Bev Defendants." *See* Compl. ¶¶ 273-275. The term "Best Bev Defendants" is not defined anywhere in the Complaint. *See generally id.* Therefore, on its face, Count 12 fails to state a claim against any named party. *See In re Harris Agency, LLC,* 477 B.R. 590, 594 (Bankr. E.D. Pa. 2012) (dismissing count where the plaintiff failed to name a particular defendant in that count).

As such, since the core claims fail as a matter of law, the Complaint is vastly—if not entirely—made up of non-core claims and would be more appropriately adjudicated in the District Court.

The Trustee further maintains that withdrawal would not promote uniformity in Bankruptcy administration because "many of the allegations set forth in the Complaint concern misconduct in connection with the Section 363 sale." Opp. at 10. However, any and all allegations regarding the Section 363 sale clearly constitute the Trustee's "after-the-fact" attempt to challenge the sale process. This is an impermissible attempted collateral attack on the Bankruptcy Court's prior sale order, which is binding on the Trustee. *See*, *e.g., In re Jevic Holding Corp.,* No. 08-11006 (BLS), 2021 WL 1812665, at *4 (Bankr. D. Del. May 5, 2021) ("It is well-established that

a Chapter 7 trustee succeeds to the rights of the debtor-in-possession and is bound by prior actions of the debtor-in-possession to the extent approved by the court."). In fact, the Bankruptcy Court approved the 363 sale over PNC's objection regarding the stalking horse bid, which the Trustee is now simply and improperly reiterating. *See* Bankr. Dkt. No. 76.

The Trustee maintains that even if the majority of the claims are non-core, they are claims that, if successful, would bring money into the estate, and thus have the potential to affect the bankruptcy estate. Opp. at 8, n.6. The mere possibility of this lawsuit bringing money to the Bankruptcy estate does not warrant the Bankruptcy Court adjudicating the case. *See In re Pelullo*, No. 95-22430, 1997 WL 535155, at *2 (E.D. Pa. Aug. 15, 1997) (Withdrawing the reference to the district court although the "cause of action is property of the estate and could conceivably impact the handling and financial affairs of the estate.").

The Trustee next argues that a Bankruptcy judge can serve a role similar to that of a magistrate presiding over discovery, relying on a case where fewer counts were asserted and a jury trial was never demanded. *See 400 Walnut Assocs., L.P. v. 4th Walnut Assocs., L.P.,* No. 14-MC-145, 2015 WL 390455, at *4 (E.D. Pa. Jan. 28, 2015). Prior to the motion for withdrawal in *400 Walnut*, the Bankruptcy court had already presided over the adversary proceeding for four years. This is primarily why this Court determined that it was more economically efficient for the Bankruptcy court to oversee the remainder of the case until trial.

Here, the Moving Defendants filed the Withdrawal Motion before any answer or dispositive motion was filed in the Bankruptcy court. Respectfully, the Bankruptcy court has no more intimate familiarity with the case than this Honorable Court, which would warrant the Bankruptcy court presiding over pretrial and discovery matters. *See Judge v. Ridley & Schweigert (In re Leedy Mortgage Co., Inc.),* 62 B.R. 303, 306 (E.D.Pa.1986) ("Unlike the matters concerning

the bankruptcy matter, this case could require extensive discovery. The parties in this action will have to study many volumes of written material and depose many individuals, including, at least, the thirteen individual defendants. In addition, the parties will have to hire experts.").

## CONCLUSION

For the foregoing reasons, Moving Defendants request that the Court enter an order (i) granting the Withdrawal Motion and (ii) granting such other and further relief as is just and proper.

Dated: September 25, 2023

/s/ Stephen M. Packman
STEPHEN M. PACKMAN
DOUGLAS G. LENEY
MARIAM KHOUDARI
**ARCHER & GREINER, P.C.**
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
Tel: (215) 963-3300
Fax: (215) 963-9999
spackman@archerlaw.com
dleney@archerlaw.com
mkhoudari@archerlaw.com

*Counsel for Moving Defendants*

227779038 v1