IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| MIDNIGHT MADNESS DISTILLING, LLC, : | |
|     Debtor. : | |
| : | |
| BONNIE B. FINKEL : | |
| CHAPTER 7 TRUSTEE, : | Civil No. 2:23-mc-00136-JMG |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CASEY PARZYCH, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                    **April 9, 2024**

**I.      OVERVIEW**

Midnight Madness Distilling was a Pennsylvania manufacturer of alcoholic spirts and other beverages. While the company enjoyed initial success after its founding in 2012, the company filed for chapter 11 bankruptcy in June 2021. Later, the bankruptcy was converted to a chapter 7 action, with Trustee Bonnie Finkel filing the adversary proceeding in the United States Bankruptcy Court for the Eastern District of Pennsylvania in June 2023.

Before the Court is the Moving Defendants'[1] motion to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d). The Moving Defendants argue this Court, and not the specialized bankruptcy court which has been overseeing the case for three years, should now handle this bankruptcy action because, *inter alia*, the case involves non-core bankruptcy

---

[1] The Moving Defendants are Casey Parzych; Shawn Sheehan; Angus Rittenburg; Kelly A. Festa; Ashleigh Baldwin; Michael Boyer; R.F. Culbertson; Polebridge, LLC; Good Design, Inc.; AgTech PA LLC; AgTech VI, LLC; XO Energy Worldwide, LLLP; XO EW, LLC; Best Bev, LLC; Etoh Worldwide, LLC; and Canvas 340, LLC.

claims, both sides have demanded a jury trial, and moving the case to this Court now will avoid later, redundant work. While the Trustee agrees the case may end with a jury trial in this Court, the Trustee argues against the need for this Court to handle the case at this stage. After considering the presence of core and non-core claims, the parties' right to a jury trial, and the Third Circuit Court of Appeals guidance in *In re Pruitt*, the Court denies the motion to withdraw the reference for the reasons set forth below. The case will continue in the bankruptcy court.

## II.      BACKGROUND

Midnight Madness Distilling, LLC, formerly known as Theobald and Oppenheimer, LLC, and doing business as Faber Distilling (the "Debtor"), was a Bucks County, Pennsylvania based limited liability company involved in the production and sale of alcoholic spirits. Founded in 2012 by Anthony Lorubbio and defendant Casey Parzych, the company reached $10 million in annual sales by 2018.

Unfortunately, this success did not last and the Debtor filed for Chapter 11 bankruptcy on June 21, 2021. The bankruptcy court oversaw attempts at restructuring including a Section 363 sale in August 2021 of certain Debtor property and assets. On August 25, 2021, the United States Trustee overseeing the Chapter 11 bankruptcy filed a motion to convert the case to a Chapter 7 bankruptcy citing multiple ongoing failures by the Debtor and efforts to divert Debtor profits and property by various insider individuals and entities.

On October 13, 2021, the bankruptcy court granted the motion and converted the Debtor's bankruptcy to a Chapter 7 action. The court appointed Bonnie Finkle as trustee. The Trustee filed an Adversary Complaint on June 15, 2023, asserting fourteen claims against the Moving Defendants and others. The Moving Defendants then filed the current motion to withdraw the reference to the bankruptcy court on September 12, 2023. On September 19, 2023, the Trustee

filed a response to the motion, to which the Defendants filed a reply on September 25, 2023. The motion is now ripe for review and decision.

### III. LEGAL STANDARD

Federal district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

Section 157(d) allows for both mandatory and discretionary withdrawal of the reference to the bankruptcy court (*i.e.* withdrawing the case from the bankruptcy court and returning the proceedings to the district court from whence it was referred). The district court must withdraw the reference if resolution of the case requires consideration of law outside of the bankruptcy code. *See* 28 U.S.C. § 157(d) ("The district court shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."). "[T]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *Id*. Here, Moving Defendants argue only for discretionary withdrawal.

While Section 157(d) does not further define the "cause shown" standard for discretionary withdrawal, "a court's exercise of discretion to withdraw is guided by whether (i) the underlying proceeding involves 'core' or 'non-core' claims, and (ii) any party has asserted a right to a jury trial to which it is constitutionally entitled." *In re Portnoy*, No. 17-mc-38, 2017 WL 3141186, at *2 (Bankr. E.D. Pa. July 24, 2017) (citations omitted). In addition to these two

3

overarching prongs, the Third Circuit Court of Appeals has identified five factors for district courts to apply to determine if cause exists for a discretionary withdrawal: (i) the promotion of uniformity in bankruptcy administration, (ii) the reduction of forum shopping and confusion, (iii) the economical use of the parties' resources, (iv) expediting the bankruptcy process, and (v) the timing of the motion for withdrawal. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

"The party seeking the withdrawal of the reference has the burden of going forward to show the grounds for withdrawal and bears the ultimate risk of non-persuasion." *In re Camden Ordnance Mfg. Co. of Ark., Inc.*, 245 B.R. 794, 805 (Bankr. E.D. Pa. 2000) (citations omitted). The moving party faces a scale "heavily weighted against withdrawal." *Feldman v. ABN AMBRO Mortg. Grp., Inc.*, No. 19-mc-131, 2020 WL 618604, at *7 (E.D. Pa. Feb. 10, 2020). In assessing whether the burden has been met, the district court "should employ withdrawal 'judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court.'" *In re Formica Corp.*, 305 B.R. 147, 151 (Bankr. S.D.N.Y. 2004) (quoting *In re Kenai Corp.*, 136 B.R. 59, 61 (Bankr. S.D.N.Y. 1992)). In addition to avoiding attempts at litigation gamesmanship, the district court must consider the "presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court" and only order withdrawal if the moving party can establish "the narrow set of circumstances constituting cause to withdraw the reference." *Feldman*, 2020 WL 618604, at *7 (quotations and citation omitted); *see also Seitz v. Rothermel,* 638 B.R. 846, 849 (Bankr. E.D. Pa. 2022) ("[Section 157(d)] creates a presumption heavily weighted against withdrawal." (quotations and citations omitted)).

## IV. ANALYSIS

### A. Core vs. Non-Core Claims

Section 157(b)(2) provides a non-exhaustive list of core bankruptcy claims. 28 U.S.C. § 157(b)(2). The inclusion in a bankruptcy case of related, non-core claims does not require withdrawal. *In re FTX Trading Ltd.*, No. 23-cv-915-GBW, 2024 WL 21542, at *3 (D. Del. Jan. 2, 2024). In core proceedings, the bankruptcy court may enter final orders and judgments. 28 U.S.C. § 157(b)(1). In non-core proceedings and absent consent of the parties, the bankruptcy court cannot enter final orders or judgments, but must instead submit proposed findings of fact and conclusions of law to the district court for review *de novo*. 28 U.S.C. § 157(c). While this two-tiered approach is not without drawbacks, allowing core and non-core claims to proceed together in the bankruptcy court until a case is ripe for a jury trial promotes uniformity in pretrial matters, enhances judicial economy, and speeds resolution of the bankruptcy case by allowing the specialized bankruptcy court to apply its expertise. *See In re FTX Trading Ltd.*, 2024 WL 21542, at *3 (noting that allowing the bankruptcy court to handle both core and non-core pretrial matters promotes judicial economy and timely resolution of the case).

This case involves both core and non-core claims. According to the Moving Defendants, of the fourteen claims in the Complaint, four are core claims, one is a "hybrid core and non-core claim," and nine are non-core. Def. Mem. of L. in Supp. of Mot. for Withdrawal of Reference (hereinafter "Def. Mem.") at 7, ECF No. 1. However, the numerical superiority of non-core claims does not automatically tip the scales in favor of withdrawal. *See Hatzel & Buehler, Inc. v. Central Hudson Gas & Electric Corp.*, 106 B.R. 367, 370 (D. Del. 1989) ("Proceedings should not be withdrawn for the sole reason that they are non-core."). The Trustee does not dispute the Moving Defendants' characterization of the claims, but argues the non-core claims are related to and will

affect the Debtor's bankruptcy because the non-core claims seek to bring money into the estate, define the parties' rights to the Debtor's property, and affect administration of creditor claims. Pl. Opp'n to Mot. for Withdrawal of Reference (hereinafter "Pl. Opp'n") at 10, ECF No. 2.

The Court here agrees with the Trustee that the non-core claims stem from the same set of facts and circumstances giving rise to the core claims and are generally intertwined with and related to the bankruptcy. *See Halper v. Halper*, 164 F.3d 830, 837 (3d Cir. 1999) (discussing that claims are "related to" the bankruptcy case if they "could conceivably have any effect on the estate being administered in bankruptcy"). The Court need not analyze on a claim-by-claim basis which claims are properly core, non-core, or *Stern*[2] claims to decide this motion. *In re Portnoy*, 2017 WL 3141186, at *3. The number of core versus non-core claims is not dispositive. The presence of both types of claims may require two-tiered review, but does not warrant removal, particularly at this early stage. *See In re: Rite Way Elec., Inc.*, No. 14-mc-231, 2017 WL 660856, at *6 n.27 (E.D. Pa. Feb. 17, 2017) ("Assuming some claims are 'core' and others 'non-core'—as the defendants imply—there is no prejudice to the defendants in delaying [ruling on the characterization of the claims]. The claims would proceed together during pre-trial because they appear to be 'intertwined.'" (citation omitted)).

### B. Right to a Jury Trial

The Trustee has demanded a jury trial. The Moving Defendants demand a jury trial as well. Absent the parties' consent (which has not been given), the bankruptcy court cannot conduct this trial. 28 U.S.C. § 157(e). "District courts within the Third Circuit have consistently explained that an '[a]ssertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court, is not of itself sufficient cause for discretionary

---

[2] *Stern* claims are statutory core claims on which the bankruptcy court is nevertheless constitutionally prohibited from entering final orders or judgments. *See Stern v. Marshall*, 564 U.S. 452 (2011).

withdrawal.'" *In re Portnoy*, 2017 WL 3141186, at *5 (quoting *Pa. Academy of Music v. Regitz*, No. 10-172, 2010 WL 4909952, at *2 (E.D. Pa. Nov. 30, 2010)).

The demand for a jury trial may require this Court's involvement. But not at this stage. The bankruptcy court has the expertise and ability to control and shape this case until the claims, core or non-core, are ripe for trial. *See Pa. Academy of Music*, 2010 WL 4909952, at *2 ("Courts have recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial."); *In re Carpenter*, No. 12-21, 2012 WL 5990222, at *3 (W.D. Pa. Nov. 30, 2012) ("However, the possibility that a jury trial might be held in the future does not require that the reference be immediately withdrawn. A district court may deny a motion to withdraw until the case is trial ready." (quotations and citation omitted)).

### C.  *Pruitt* Factors

The Court's analysis of the *Pruitt* factors confirms this case should proceed in the bankruptcy court.

### i.  Continuing in the bankruptcy court promotes uniformity in bankruptcy administration.

The first *Pruitt* factor weighs against withdrawal. The Moving Defendants argue the presence of non-core claims favors withdrawal because the district court is better equipped to handle these claims. Def. Mem. at 5. While the Trustee asserts a mix of core and non-core claims, all claims are closely related to the bankruptcy and require resolution of common bankruptcy themes. Additionally, the bankruptcy court has been involved in this case for almost three years, since 2021. For example, the bankruptcy court oversaw the Section 363 sale and the original Chapter 11 bankruptcy action. Pl. Opp'n at 10. The Section 363 sale is the subject of ongoing litigation in

this case. Allowing the bankruptcy court to continue handling this case up to the point of trial better promotes uniformity and judicial economy.

    ii.    **Denial of withdrawal will reduce formation shopping and confusion.**

The second *Pruitt* factor weighs against withdrawal. Absent very good reason, keeping a bankruptcy proceeding in its specialize court reduces forum shopping. *See* 4*00 Walnut Assocs., L.P. v. 4th Walnut Assocs., L.P.*, 2015 WL 390455, at *5 (E.D. Pa. Jan. 28, 2015) ("[B]y relaxing the legal standard for 28 U.S.C. § 157(d) cause to withdraw, widespread forum shopping would be encouraged.").

    iii.    **Keeping the case in bankruptcy court fosters the economical use of the debtor's and creditors' resources.**

The third *Pruitt* factor weighs against withdrawal. Economic concerns favor allowing the bankruptcy court to proceed as far as it can. After all, it is much more familiar with the case and the parties, plus the relevant law, than this Court. *See In re AgFeed USA, LLC*, 565 B.R. 556, 565 (Bankr. D. Del. 2016) (finding that "the Bankruptcy Court's familiarity with the underlying facts and issues" weighed against withdrawal because "[d]uplicating those efforts at an early stage of the case may result in unnecessary expenses for the parties, particularly given that dispositive motions and settlement may resolve the proceeding in advance of trial"). Once the case reaches the trial stage, the district court becomes the court with the most experience in the subject matter (i.e. jury trials) and, absent the parties consent, the only court capable of moving the case forward.

    iv.    **Proceeding in bankruptcy court expedites the bankruptcy process.**

The fourth *Pruitt* factor weighs against withdrawal. Moving Defendants argue the case will not be slowed down and moving the whole matter to district court will avoid "piecemeal litigation of the matter in both Courts." Def. Mem. at 12. They cite no authority.

Contrary to Defendant's position, allowing this case to proceed in bankruptcy court is more likely to expedite the process. As a specialized forum, the bankruptcy court possess expertise allowing it to address the litigation quickly. And as already noted, the bankruptcy court has presided over this case for almost three years and enjoys a ready familiarity with the facts and the parties. *See AgFeed*, 565 B.R. at 565 ("The Court agrees that needing to become familiar with the record at this early stage, and the delay attendant to those efforts, is unnecessary at this time and may affect the administration of the cases."). The case may end in this cCourt for a jury trial, but this approach does not result in piecemeal litigation. Rather, the bankruptcy court is better situated to expeditiously address issues and prepare the case for trial in a manner consistent with other bankruptcy cases by drawing on its specialized expertise and its long history with the present action.

v. **While timely filed, the motion is premature.**

The fifth *Pruitt* factor is neutral. The Court finds the motion is timely filed because the current Chapter 7 version of the case is still young. *See In re Schlein*, 188 B.R. 13, 14 (Bankr. E.D. Pa. 1995) ("A § 157(d) motion is timely if it is filed at the first reasonable opportunity after the movant has notice of the grounds for removal, taking into consideration the circumstances of the proceeding.").

Nevertheless, the motion is premature. The Court may deny the motion without prejudice to either party later exercising their right to a jury trial in this Court on any claims that remain pending. "If, and when, this case appears ready for trial, Movants can re-file their motion for

9

withdrawal of the consolidated adversary proceeding reference." *In re Portnoy*, 2017 WL 3141186, at *7.

Moving Defendants argue that withdrawal is warranted now because this Court may have to conduct a jury trial without the benefit of overseeing pretrial matters. Def. Mem. at 7. However, if this view prevailed, neither bankruptcy judges nor magistrate judges would be allowed to play a role in any case which may eventually reach a district court. This logic is also contrary to Section 157. The statute contemplates a review *de novo* by the district court of all orders and judgments entered by the bankruptcy court on non-core claims. 28 U.S.C. § 157(c). Ordering withdrawal because such a review *de novo* might occur vitiates the statue. Simply because a court may review the work of a lower or specialized court does not justify jumping to the higher court before the lower or specialized court has had an opportunity to appropriately develop the case.

### D.  Discovery Disputes

Moving Defendants' assert a final argument that this Court should withdraw the reference to the bankruptcy court because the case "[m]ay [i]nvolve [e]xtensive [d]iscovery [d]isputes." Def. Mem. at 11. Moving Defendants then argue a magistrate judge should handle the discovery stage of the withdrawn case. *Id*. The Court fails to see why a magistrate judge is better situated to handle discovery disputes in a bankruptcy case than a specialized bankruptcy judge. Confusingly, moving Defendants had just argued against a bankruptcy judge because proceeding in front of a bankruptcy judge would require eventual review by this Court. The same process would play out if a magistrate judge handled discovery: it would still require review by this Court. *See Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*, 106 B.R. 367, 369 (Bankr. D. Del. 1989) ("In non-core proceedings, which include proceedings related to a case under title 11, the bankruptcy

court serves much the same function as a United States Magistrate; in fact the *de novo* review procedure of section 157(c)(1) is modeled on the United States Magistrates Act, 28 U.S.C. § 636(b)(1)… ."(quotations omitted)). The Court does not find the potential for discovery disputes to weigh in favor of withdrawal. To the contrary, discovery issues favor keeping the case in the bankruptcy court.

### V.     Conclusion

The Court has considered the dual prongs of the presence of core and non-core claims and the right to a jury trial, plus the five *Pruitt* factors. The Court finds neither prong weighs in favor of withdrawal at this stage. For the *Pruitt* factors, factors one through four weigh against withdrawal. The fifth factor concerning the timing of the motion to withdraw is neutral. The motion for withdrawal of reference is denied. The case will continue in the bankruptcy court until trial ready, at which time either party may move to withdraw for a trial before this Court.

An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge